JOHNSON ET AL., APPELLEES, *v.* HAGESFELD ET AL.,
APPELLANTS.

[Cite as Johnson v. Hagesfeld (1976), 46 Ohio St. 2d 384.]

(No. 75-211—Decided June 16, 1976.)

(11)

386

Messrs. *Gabalac, Houk & Sloan, Mrs. Frances W. Houk* and *Mr. Stephen Gabalac,* for appellees.

Messrs. *Lane, Alton & Horst, Mr. Jack R. Alton, Mr. Jeffrey W. Hutson* and *Mr. John Palmer,* for appellants.

*Per Curiam.* Over $200,000 has been contributed to the Ohio Operating Engineers Pension Fund by Cummins

Diesel on behalf of its employees. Pursuant to the summary judgment rendered by the Court of Common Pleas, those employees lose all rights in that fund, and all prospect of receiving the benefits which were contemplated under the original pension plan. This judgment was properly set aside by the Court of Appeals, unless undisputed facts and the applicable agreements require the forfeiture, and preclude the granting of any relief to, the plaintiffs.

We conclude that the plaintiffs have stated a claim upon which relief may be granted. Since the trust agreement provides no direction as to the proper treatment of employer contributions which become substandard by reason of changes in the pension plan, the agreements here neither justify nor require the forfeiture.

The defendants' characterization of the actions of the plaintiff-group as a withdrawal triggering a forfeiture under the terms of the contract is incorrect.

The defendants, in asserting that the plaintiffs lacked standing to sue by reason of their failure to exhaust the administrative grievance procedure in the trust agreement, point to provisions of that agreement providing for arbitration of claims of parties to the contract. However, plaintiffs here do not seek pension benefits; claims to such have not ripened. Neither employer nor employee can point to any part of the agreement which authorizes an arbitrable demand for funds. Nor can the trustee point to provisions which justify use of these funds to provide benefits for other than this group of plaintiffs. Plaintiffs' claims require the application of equitable principles to a trust scheme which is defective as to their entire group. Often, a constructive trust must be fashioned under such circumstances. Before a court can apply trust law, it must have an adequate factual basis for so doing. In such situations, a full development of the facts may serve to clarify the law or help the court determine its application to the case. Thus, one court, in *Petition of Bloomfield Steamship Co.* (S. D. N. Y. 1969), 298 F. Supp. 1239, 1242, has said:

"* * * Summary judgment, with ever-lurking issues of fact, is always a treacherous shortcut and, in cases like

these, too fragile a foundation for so heavy a load. Such relief is always discretionary, and in cases posing complex issues of fact and unsettled questions of law, sound judicial administration dictates that the court withhold judgment until the whole factual structure stands upon a solid foundation of a plenary trial where the proof can be fully developed, questions answered, issues clearly focused and facts definitively found.'' This is particularly true in trust cases.

The complex factual and legal questions posed by this cause require a clear and careful framing of the issues. This can be accomplished only by a full hearing at the trial level. Clearly the $200,000 plus contributed pursuant to the collective bargaining agreement between these plaintiffs and their employers are trust funds to which the trustees or other contributors to the plan or their employees neither have nor assert any valid claim. Admittedly, the trust, constructed so as to escalate the benefits of those employees covered by the master agreements, does so on an ''actuarially sound basis'' in accordance with the overall pension plan.

With equal certainty the plaintiffs at this point have no right under the terms of the trust agreement to a distribution of the fund.

The complaint's assertions that the trustees have ''wrongfully converted said [trust] funds'' and ''failed to provide a pension fund,'' require response from the trustees assuring the court to which the motion for summary judgment is directed that no forfeiture of benefits and funds has occurred merely because the beneficiaries have been collectively rendered unable to obtain compliance with the trust scheme in its altered form. Where, as here, the beneficiaries' broad challenge to the conduct of a trust is met only by the trustees' specific denial that plaintiffs are entitled to the individual refunds sought, summary judgment is inappropriate.

We conclude that the Court of Appeals properly remanded the cause to the trial court for a full determination

of the circumstances, for an examination of the agreements and claims of all parties with a view to determining the equities of the situation, and for the application of recognized trust principles to those claims and those instructions. Solutions of trust problems which cannot be resolved by reference to the instruments which define the duties of the trustees must always be so fashioned.

The judgment of the Court of Appeals is affirmed and the cause is remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.